# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-115-LRR |
| vs. | **ORDER** |
| JAMES JOSEPH SHERIDAN, | |
| Defendant. | |

The matter before the court is the government's Motion in Limine ("Motion") (docket no. 21).

## *I. PROCEDURAL HISTORY*

On September 8, 2006, the grand jury returned a one-count Indictment against Defendant. The Indictment charges that, on or before June 30, 2003, Defendant knowingly received, possessed, concealed and stored a firearm, that is, a Raven Arms, model P-25, .25 caliber, automatic pistol, serial number 558367, which firearm had been transported in interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Trial is scheduled to begin December 8, 2006.

On November 17, 2006, the government filed its Motion. In such Motion, the government requests the court exclude "(1) any evidence or reference to advice of counsel regarding defendant's possession of the firearm; and (2) any reference to the prior prosecution in this case." On November 22, 2006, the court held a final pretrial

conference at which time the Motion was argued. On November 27, 2006, Defendant filed a Resistance (docket no. 31) to the government's Motion.

## II. ANALYSIS

### A. Advice of Counsel

#### 1. Parties' arguments

In its Motion, the government requests the court exclude evidence of or reference to advice given by his attorney. The government states that "the alleged advice was that [D]efendant get rid of the gun by giving it to his brother." The government argues that evidence of advice of counsel would be irrelevant and would be unfairly prejudicial, confusing and misleading.

Defendant claims that evidence of advice given to him by Attorney John Hedgecoth would be admissible to "explain why . . . Defendant took the course of action he did following discovery of the weapon, not to prove the truth of any particular statements he may have made." Defendant asserts that, contrary to the government's claim, Attorney Hedgecoth's advice had something to do with the legality of Defendant's possession of the gun.

#### 2. Analysis

While it is unclear what Defendant argues his attorney advised, for the purposes of this order, the court assumes that he advised Defendant to give the firearm to his brother as stated by the government in its Motion.[1] To prove that Defendant violated 18 U.S.C. § 922(j) as charged in the Indictment, the government must prove the following:

> *One*, on or before June 30, 2003, Defendant knowingly possessed a firearm;

---

[1] Defendant offers no indication that Attorney Hedgecoth's advice was anything other than the advice as provided by the government in its Motion.

> *Two*, at the time of the possession, the firearm was stolen;
>
> *Three*, at the time of the possession, Defendant knew or had reasonable cause to believe that the firearm was stolen; and
>
> *Four*, the firearm was transported across a state line at some time during or before Defendant's possession of it.

*See United States v. Provost*, 237 F.3d 934, 938 (8th Cir. 2001) (identifying the elements of 18 U.S.C. § 922(j)). Defendant's specific intent to violate the law or knowledge that his possession of a stolen firearm was illegal is not an essential element of the crime of unlawful possession of a stolen firearm; therefore, any advice from Defendant's attorney regarding possession of that firearm would not constitute a valid defense to the crime charged. *See United States v. Powell*, 513 F.2d 1249, 1251 (8th Cir. 1975) (noting that "specific intent of the defendant that he is violating the law is not an essential element of the crime of unlawful firearms dealing under section 922(a)(1)"); *see also United States v. Hayes*, 535 F.2d 479, 481 (8th Cir. 1976) (holding that "the district court properly refused an instruction that a defendant [who was charged with receiving a firearm while being a convicted felon] had acted on advice of counsel" and properly excluded testimony regarding the advice the defendant received from counsel). Accordingly, the court agrees with the government that evidence that Defendant acted on advice of counsel when he possessed a stolen firearm would not constitute a defense to his alleged violation of 18 U.S.C. § 922(j). Defendant is, therefore, prohibited from introducing evidence of Attorney Hedgecoth's advice to Defendant concerning the firearm. If, as Defendant claims, evidence of Attorney Hedgecoth's advice is offered for some purpose other than the assertion of a defense, Defendant may approach the court, outside the presence of the

jury, and make further argument on the admissibility of this evidence. Defendant has not provided the court sufficient information as to what the evidence would be concerning the involvement of Attorney Hedgecoth and how that relates to any issue in the case.

### B. Defendant's Prior Trial

#### 1. Parties' Arguments

In its Motion, the government moves the court to exclude evidence regarding Defendant's December 11, 2003 acquittal on the charge of being a person subject to a personal protective order in unlawful possession of a firearm. The government argues such evidence is irrelevant. The government concedes, however, that counsel "may have occasion to inquire of a witness regarding the witnesses' (sic) testimony from the prior trial."

In his Resistance, Defendant states that "it is not the intent of . . . Defendant to introduce any evidence that . . . Defendant was charged, tried, or acquitted in a previous case." Defendant, however, requests the ability to ask about a witness's prior inconsistent testimony given during the 2003 trial for impeachment purposes.

#### 2. Analysis

The government asserts that evidence of Defendant's judgment of acquittal are not relevant. The court agrees with the government for the following reasons. "'[J]udgments of acquittal are not generally relevant, because they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt.'" *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003) (quoting *Prince v. A.L. Lockhart*, 971 F.2d 118, 122 (8th Cir. 1992) (omitting citations)); *cf.* Fed. R. Evid. 401 (stating evidence is relevant if it has "any tendency to make the existence of any fact that is of consequent to the determination of the action more probable or less probable than it would be without the evidence"). Stated differently, evidence of an acquittal has little

4

probative value. *See United States v. Beal*, 430 F.3d 950, 956 (8th Cir. 2005) (stating there is no way to know the basis for the jury acquittal in the other case). Further, the prejudice and undue speculation, if any, that results from excluding the judgment of acquittal is negligible. Therefore, the evidence of the prior judgment of acquittal is not relevant and must be excluded pursuant to Federal Rule of Evidence 402.

Defendant contends that "[w]hile it is not the intent of the Defendant to introduce any evidence that the Defendant was charged, tried, or acquitted in a previous case, it is a fundamental rule of evidence that a party may ask about a witness's prior inconsistent statements in an effort to impeach his or her credibility." The court deems it appropriate to allow Defendant to use evidence from the 2003 trial for impeachment purposes. The parties may impeach a witness by referring that witness to his testimony in a prior court proceeding. Accordingly, the parties shall refer to the prior trial testimony as "testimony during a prior court proceeding" and shall not make any reference to the fact that the trial was held in federal court, that the trial was on the charge of unlawful possession of the same firearm at issue in the current trial or that the trial resulted in an acquittal.

Based on the foregoing, the government's Motion shall be granted.

### III. CONCLUSION

**IT IS SO ORDERED:**

(1) The court **GRANTS** the government's Motion in Limine (docket no. 21);

(2) The parties shall not directly or indirectly refer to or elicit answers from witnesses on prohibited subjects in the presence of the jury. Each party is charged with the responsibility of cautioning each witness they call and making them aware of the court's Order; and

(3) The period between the filing of the government's Motion in Limine and the filing of this Order is excluded from calculation under the Speedy Trial Act.

18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of he hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 6th day of December, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA